

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 20, 1974

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. H- 309

Re: Time to apply for home-
stead exemption provided
under Sec. 1-b(b) of
Article 8 of the Texas
Constitution

You have informed us that Mr. Carl S. Smith, the Harris County
Assessor and Collector, has asked for clarification regarding "the
time at which the partial tax exemption for homesteads of persons
over 65 years of age must be requested."

The exemption to which you refer is set out in Article 8, Sec. 1-b(b)
of the Texas Constitution and presently reads, in pertinent part, as
follows:

> "From and after January 1, 1973, the governing
> body of any county, city, town, school district, or
> other political subdivision of the State may exempt
> by its own action not less than Three Thousand
> Dollars ($3,000) of the assessed value of residence
> homesteads of married or unmarried persons sixty-
> five (65) years of age or older, including those living
> alone, from all ad valorem taxes thereafter levied
> by the political subdivision."

For a general discussion of this amendment to the Constitution, see
Attorney General Opinion No. H-9 (1973).

You have specifically asked:

> "1. Is the person who is over 65 and otherwise
> eligible to receive the exemption required to render
> his property during the statutory rendition period
> of January 1, to April 30, in order to receive the
> exemption?

"2.   May the person apply for the exemption
at the time that he pays the taxes and receive the
benefit of the exemption where he failed to render
his property during the rendition period?"

There are no constitutional or statutory guidelines expressly delineating
the procedures by which such an exemption is to be secured, and you have
informed us that "[t]he Commissioners Court ordered the exemption to be
placed in effect for Harris County and the Harris County Flood Control
District on November 27, 1972.  The Order makes no reference to time
for application for the exemption."

A virtually identical question was considered in Attorney General Opinion
No. O-6842 (1945).  That Opinion construed the exemption granted in
Article 8, Sec. 1-a, of the Constitution.  The question presented was:

"A taxpayer fails to render his property at rendition
time and fails to claim homestead exemption until he
comes in at taxpaying time.  Can he then after taxes are
due and rolls are completed come in and sign a certi-
ficate and get the homestead taxes deducted from his
taxes?"

The Opinion stated:

"The . . . constitutional provision exempts from taxation
$3,000.00 of the assessed taxable value of the residence
homestead for all State purposes.  The only requirement
in this provision is that the property be assessed in order
that the taxable value be ascertained.  Article 7152, V.R.C.S.,
makes it the duty of the owner to render his property for
taxation, but in cases where the owner fails for any reason
to do so, Article 7193, V.R.C.S., makes it the duty of
the assessor to render and assess the property.

"The assessed taxable value being thus obtained, the tax-
payer is entitled to an exemption of $3,000.00 of the
assessed taxable value of his residence homestead as now
defined by law at any time he claims his exemption."
(Emphasis in original).

We believe the reasoning of this Opinion applies with equal force to your inquiry and therefore in answer to your first question, it is our opinion that a person is not required to render his property during the statutory rendition period in order to obtain his exemption, and in answer to your second question, it is our opinion that a person entitled to the exemption may receive its benefit by claiming it at the time he pays his taxes even though he failed to render his property during the statutory period.

### SUMMARY

Where a political subdivision has approved a homestead tax exemption for persons 65 years of age or older, a person is entitled to receive the benefits of the exemption even though he fails to claim it during the statutory rendition period.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee